IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE SAFFOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:08cv1023-MHT |
| | ) | (WO) |
| ALLSTATE INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Plaintiff Willie Saffold brought this lawsuit against defendant Allstate Indemnity Company asserting state-law violations of an insurance agreement, including breach of contract, fraudulent misrepresentation, fraudulent inducement, negligence, breach of express warranty, and conversion.  Allstate removed this case from state to federal court based on diversity-of-citizenship jurisdiction.  28 U.S.C. §§ 1332, 1411.

This case is now before the court on Allstate's motion for summary judgment.  For the reasons that follow, the motion will be granted.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  In this case, while Saffold has, admittedly, failed to submit a response to Allstate's motion for summary judgment, the court is still obliged to review the motion on the merits.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 161 (1970)(holding that "(w)here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."); see also Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1022 (11th Cir. 1988).

## II. BACKGROUND

This case concerns an insurance claim stemming from a fire that damaged Saffold's rental property.  At the time of the fire, the property was rented.  After the fire, Saffold submitted a claim to Allstate, which insured the property.  An investigation determined that the fire was intentionally set and that the renter had ceased residing on the property over ten months before the fire occurred.  Allstate informed Saffold that his insurance policy did not cover the fire because the policy explicitly excluded coverage for fires resulting from vandalism when the dwelling has been vacant or unoccupied for a period of 90 days or more.

## III. DISCUSSION

A. Breach of Contract: Saffold charges that Allstate's refusal to pay the insurance policy constitutes a breach of contract.  However, because the evidence shows that the policy excludes coverage for

vandalism committed against a vacant dwelling, and because the renter had moved out more than ten months before the fire, there is no coverage here and thus no failure to perform.  See Penmont v. Blue Ridge Piedmont, 607 F. Supp. 2d 1266, 1272-73 (M.D. Ala. 2009) (Thompson, J.) (to establish a successful breach-of-contract claim, a plaintiff must demonstrate not only the existence of a valid contract and that he performed under the contract, but also that the defendant failed to perform) (citing State Farm Fire and Casualty Company v. Slay, 747 So.2d 293, 303 (Ala. 1999).

While affidavits attached to Saffold's complaint allege that neighbors "personally viewed people coming and going from [Saffold's] home on a regular basis" in the year preceding the fire (Def.'s Ex. K), there is nothing in the record to identify these persons or establish whether they actually resided in Saffold's home.  Indeed, upon seeing the property two months after

4

the fire, Saffold himself stated that it appeared to be vacant and devoid of furnishings. Def.'s Ex. B at 41.

Summary judgment on this claim is therefore appropriate.

B. **Fraud**: Saffold charges Allstate with fraudulent misrepresentation and fraudulent inducement. In Alabama, a successful fraud claim must show that the offending party made (1) a false representation; (2) concerning a material existing fact; (3) relied upon by the plaintiff; (4) who must be damaged as a proximate result. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752, 754 (Ala. 1981). Not only is there no evidence of any fraudulent conduct on the part of Allstate, Saffold himself explicitly denied that Allstate had lied or otherwise misled him. Def.'s Ex. B at 8.

Summary judgment on Saffold's fraud claims is therefore appropriate.

C. **Negligence**: Saffold also alleges that the "actions, omissions, and intentional misleading actions

5

of the Defendant[] were designed negligence on the part of the Defendant[]." Compl. at 4. While Saffold's conflation of negligent and intentional conduct in his complaint is confusing, see Newman v. Bankers Fidelity Life Ins. Co., 628 So.2d 439, 443 (Ala. 1993) ("Wantoness, which involves a conscious or intentional act, should not be confused with negligence, which involves inadvertence."); South Cent. Bell Telephone Co. v. Branum, 568 So.2d 795, 797 (Ala. 1990) ("Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability."), the court need not resolve this confusion. The record is void of any negligent or wrongfully intentional conduct on Allstate's part. As explained above, Allstate properly refused to pay Saffold's claim.

Summary judgment on Saffold's negligence claim is therefore proper.

**D. Breach of Express Warranty**: Saffold charges Allstate with breach of warranty. However, the record is again void of any evidence that a breach occurred. 1975 Ala. Code § 7-2-313 (An express warranty under Alabama contract law arises when a seller makes "[a]ny affirmation of fact or promise ... to the buyer which relates to the goods and becomes part of the basis of the bargain ....").

Summary judgment on Saffold's breach-of-warranty claim is therefore appropriate.

**E. Conversion**: Finally, Saffold charges Allstate with conversion. This claim fails for two reasons. First, there is no evidence of "a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse" of another person's property. Ott v. Fox, 362 So.2d 836, 839 (Ala. 1978). Second, an action for conversion of money is generally unrecognized in Alabama unless "the money at issue is capable of identification," Greene

7

<u>County Bd. of Educ. v. Bailey</u>, 586 So.2d 893, 898 (Ala. 1991), and here there has been no identification of the alleged converted money.  As stated, Allstate properly declined coverage.

    Summary judgment on Saffold's conversion claim is therefore appropriate.

* * *

    For the foregoing reasons, summary judgment will be granted in favor of Allstate on all claims.  An appropriate judgment will be entered.

    DONE, this the 14th day of October, 2009.

                        <u>   /s/ Myron H. Thompson   </u>
                         UNITED STATES DISTRICT JUDGE